J-A20007-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| CARIN K. MORRIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERAMI P. MORRIS | : | |
| | : | |
| Appellant | : | No. 99 MDA 2026 |

Appeal from the Decree Entered December 11, 2025
In the Court of Common Pleas of Cumberland County Civil Division at
No(s): 2017-06963

BEFORE: LAZARUS, P.J., STABILE, J., and BENDER, P.J.E.

MEMORANDUM BY LAZARUS, P.J.:         **FILED: AUGUST 14, 2026**

Jerami P. Morris (Husband) appeals *pro se* from the final divorce decree entered in the Court of Common Pleas of Cumberland County. We affirm.

Husband and Appellee Carin K. Morris (Wife) were married on July 16, 2005, and separated on April 1, 2016. On June 27, 2017, Wife filed a complaint in divorce, on the grounds of irretrievable breakdown, seeking equitable distribution of the parties' marital property. ***See*** 23 Pa.C.S. §§ 3301(d), 3502(a).

On October 21, 2025, Wife filed an affidavit, pursuant to 23 Pa.C.S. § 3301(d), notifying Husband that if he wished to deny any averments[1] in the affidavit he was required to file a counter-affidavit within 20 days or the

---

[1] The affidavit set forth the parties' date separation, that their marriage was irretrievably broken, and that it is understood that a party may lose rights concerning alimony, division of property, lawyer's fees or expenses if they are not claimed before a divorce is granted. ***See*** Plaintiff's Subsection 3301(d) Affidavit, 10/21/25, at 1.

statements will be admitted. *See* Pa.R.C.P. 1920.42(c)(1)(iii). On the same day, Wife filed a notice of intent to withdraw her pending claim for equitable distribution. The notice advised Husband that unless he had already filed ancillary claims, including equitable distribution, he should do so within 20 days of receiving the notice. *See* Notice of Intent, 10/21/25. On October 21, 2025, Husband filed a counter-affidavit opposing the entry of a divorce decree, asserting that economic claims were still pending, and averring that he wished to claim economic relief and that economic claims have been raised and not yet resolved. *See* Counter Affidavit, 10/21/25, at 1.

On November 12, 2025, Wife served on Husband a notice of intention to file the praecipe to transmit record, *see* Pa.R.C.P. 1920.73(a), which clearly advised Husband:

> Unless you have already filed with the court a written claim for economic relief**, you must do so** by the above date **or the court may grant the divorce and you will lose forever the right to ask for economic relief**. The filing of the form counter-affidavit alone does not protect your economic claims.

Notice of Intent, 11/12/25 (emphasis added). *See also* Pa.R.C.P. 1920.73(a)(2)(i). When Husband failed to file a written claim for economic relief, the court entered a praecipe to withdraw Wife's economic claims. On December 15, 2025, the court granted a final decree in divorce.

Husband filed a petition to vacate the divorce decree asserting that: Wife failed to properly serve the affidavit of separation pursuant to subsection 3301(d) of the Divorce Code; he did not consent to the unilateral withdrawal of the equitable distribution claim; and he filed a counter-affidavit asserting

that economic claims were still pending and unresolved. **See** Petition to Vacate, 12/23/25, at 2. On January 2, 2026, the court denied Husband's petition to vacate, but acknowledged that Wife's subsection 3301(d) affidavit was not served in compliance with Pa.R.C.P. 1930.4. Order, 1/2/26, at 1 n.1. However, the court found the error was harmless where Husband's filing of a counter-affidavit "demonstrated that actual service was made" and effectively waived any objection to the manner of service. ***Id.***

Husband filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Husband raises the following issue in his appellate brief: "Whether the [t]rial [c]ourt erred in calculating the parties' incomes, specifically, [Husband's] net income by not subtracting certain necessary expenses associated with his business and/or holding [Husband] to an unreasonable and unsupported earning capacity."[2] Appellant's Brief, at 7.

_____

[2] In his *pro se* Rule 1925(b) statement, Husband raised the following issues:

> (1)   The trial court erred in entering a final decree in [d]ivorce when [Husband] had filed a counter-affidavit under [sub]section 2201(d) of the Divorce Code and at the same time of his filing there was a valid count for equitable distribution on the docket.
>
> (2)   The trial court erred in entering a final decree in divorce when [Wife] failed to properly comply with the statut[ory] requirement in serving her affidavit of separation upon [Husband].

Appellant's Rule 1925(b) Statement, 1/14/26 (unnecessary capitalization omitted). Because the argument section of Husband's brief loosely addresses
*(Footnote Continued Next Page)*

Here, where Husband was given the requisite 20 days' notice to raise his own economic claims—after Wife withdrew her claims for equitable distribution—and he failed to do so, entry of the divorce decree was proper and he has waived any economic claims. *See* Pa.R.C.P. 1920.42(c)(1)(i)-(iv)-(vi); *McWilliams v. McWilliams*, 324 A.3d 602, 606 (Pa. Super. 2024) ("Rule 1920.42 authorizes entry of a divorce decree under [subs]ection 3301(d), without further proceedings, when the parties have satisfied certain filing and notice requirements[.]"). *See also Savett v. Rovner*, 1743 EDA 2013 (Pa. Super. filed Feb. 24, 2014) (unpublished memorandum decision) (entry of divorce decree affirmed on appeal where, despite fact husband filed counter-affidavit to wife's subsection 3301(d)(1) affidavit, he never filed any economic claims in writing with the court, and, thus, lost any such claims).

Moreover, the trial court correctly concluded that although Wife did not properly serve her affidavit of separation in accordance with the methods outlined in Pa.R.C.P. 1930.4, the error was harmless where Husband timely filed a counter-affidavit demonstrating he had actual notice and any objection to service was waived by responding to the improperly served affidavit. *See Sharpe v. McQuiller*, 206 A.3d 1179, 1184 (Pa. Super. 2019) (defendant manifests intent to submit to court's jurisdiction by taking some action, going to merits of case, which evidences intent to forego objection to defective service); *see also T.L.C. v. D.F.H*, 354 A.3d 532 (Pa. Super. 2026) (Table)

---

these claims, we will find them preserved for appellate review. *See* Pa.R.A.P. 1925(b)(4)(vii)("Issues not included in the Statement . . . are waived.").

(father waived any objection to improper service under Rule 1930.4 where he appeared for support conference).

Decree affirmed.

Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/14/2026